IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                               Case No. 3:07cv506/MCR/EMT

FLORIDA BAR, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (*see* Doc. 4).

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious. Section IV.C of the civil rights complaint form asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 4) (emphasis in original). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then attached a continuation page entitled "IV Previous lawsuits Part C continued,"

where Plaintiff has listed six (6) prior cases (*see id.*–continuation page).[1] Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court, other than the cases listed, that otherwise relate to the fact or manner of his incarceration or the conditions of his confinement. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." (*id.* at 7) (emphasis in original).

Upon review of the file, this court takes judicial notice that as of November 15, 2007, the date Plaintiff filed the instant complaint, he had previously filed Apel v. Vittetoe, Case No. 3:07cv19/MCR/EMT (filed Jan. 11, 2007; dismissed June 29, 2007). In Apel v. Vittetoe, Plaintiff challenged, among other things, his incarceration in the Escambia County Jail. *See* Case No. 3:07cv19/MCR/EMT, Doc. 1 at 3 (a false criminal complaint "caused me to be incarcerated and lose 4 months of my life"). Moreover, the court notes that Plaintiff's complaint in Apel v. Vittetoe also related to the conditions of his confinement. For example, Plaintiff claimed that his Eighth Amendment rights were violated when he "was locked down in a protective custody cell for three months," "subjected to the stupidity of the other inmates at the Escambia County Jail," subjected to excessive bail and fines, classified as a felon in the Escambia County Jail, and "harrassed and threatened by other inmates as a result of the felony charge." *Id.* at 4, 5. Plaintiff failed to list this case in his complaint or in the continuation pages attached thereto.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection

---

[1] Plaintiff listed the following cases: (1) Apel v. Armor Correctional Health Services, Inc., No. 3:07cv195/RV/MD (filed May 9, 2007); (2) Apel v. Williams, No. 3:07cv200/MCR/MD (filed May 14, 2007); (3) Apel v. Office of the Public Defender, No. 3:07cv159/RV/EMT (filed Apr. 11, 2007); (4) Apel v. Escambia County Jail, No. 3:07cv314/MCR/EMT (filed July 25, 2007); (5) Apel v. United States Clerk's Office, No. 3:07cv315/LAC/EMT (filed July 25, 2007); (6) Apel v. Williams, No. 3:07cv405/RV/MD (filed Sept. 21, 2007) (*see* Doc. 1 at 4, continuation page). Moreover, Plaintiff failed to answer question IV.D altogether, which required Plaintiff to list any actions filed in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. Had Plaintiff answered question IV.D as required, at a minimum he would have been required to list nine cases (*see* Case No. 3:07cv462/LAC/EMT (Doc. 12)).

with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answer (i.e., failing to list Case No. 3:07cv19/MCR/EMT), Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 5th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**